UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE HUDGENS,

                Petitioner,        CASE NO. 12-15523
                                       HONORABLE SEAN F. COX

v.

KENNETH ROMANOWSKI,

                Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS

### I.

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner George Hudgens ("Petitioner") was convicted in the Wayne Circuit Court of second-degree murder, assault with intent to commit murder and lesser offenses. Petitioner's habeas application raises one claim asserting prosecutorial misconduct. The matter is before the Court on Petitioner's motion to stay his habeas proceeding so that he may return to the state courts and exhaust additional claims. For the reasons stated below, the Court denies Petitioner's motion.

### II.

Following Petitioner's conviction, he filed a claim of appeal in the Michigan Court of Appeals. On January 29, 2012, the Michigan Court of Appeals issued an unpublished per curiam opinion affirming Petitioner's convictions. *People v. Hudgens*, Michigan Court of Appeals No. 300335. On July 24, 2012, the Michigan Supreme Court denied Petitioner's application because it was not persuaded that the questions presented should be reviewed. *People v. Hudgens*, Michigan Supreme Court No. 144774. For statute-of-limitations purposes, his conviction became final 90

days later, when the time for filing a petition for writ of certiorari expired. *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). Petitioner's present habeas application is dated December 13, 2012.

### III.

Petitioner's motion states that he wishes to file a motion for relief from judgment in the trial court raising new claims. He requests that his habeas petition be stayed and held in abeyance so that if he is unable to obtain relief in the state courts, he can include these new claims in this action.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); see also *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans, supra*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a petition containing both exhausted and unexhausted claims to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has not shown the need for a stay. The one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Jimenez*, 555 U.S. at 120 (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied Petitioner leave to appeal on July 24, 2012, and the time for seeking a writ of certiorari with the United States Supreme Court expired 90-days later, on about October 24, 2012. The instant petition was signed on December 13, 2013. Thus, less than two months of the one-year period had expired when Petitioner instituted this action.

While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *See*, e.g., *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled

during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that over nine months of the one-year period remains, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so.

If Petitioner has, as he suggests, a new federal claim, it should be presented to, and addressed by, the state courts in the first instance. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254. Given such circumstances, a stay is unnecessary and unwarranted.

IV.

Accordingly, the Court **DENIES** Petitioner's motion for stay and abeyance of his habeas proceedings.

Should Petitioner wish to have the Court dismiss without prejudice the present petition, which contains one exhausted claim, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within thirty (30) days of the filing date of this order. If he does not do so, the Court shall proceed on the claim contained in the pending petition.

**IT IS SO ORDERED.**

Dated: January 23, 2013              S/ Sean F. Cox
                                  Sean F. Cox
                                  U. S. District Court Judge

I hereby certify that on January 23, 2013, the foregoing document was served upon counsel of record

-5-

by electronic means and upon George Hudgens by First Class Mail at the address below:

George Hudgens  #501569  
Macomb Correctional Facility  
34625 26 Mile Road  
New Haven, Mi 48048

Dated:  January 23, 2013                                S/ J. McCoy                
                                                        Case Manager